IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLETE REO HART,

    Plaintiff,

vs.

CALIFORNIA MEDICAL FACILITY MAIL ROOM, et al.,

    Defendants.

No. CIV S-05-1543 DFL DAD P

FINDINGS AND RECOMMENDATIONS

    Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the $250.00 filing fee or filed an application to proceed in forma pauperis.

    In his complaint dated July 30, 2005, and filed August 2, 2005, plaintiff sues the California Medical Facility mail room, the mail room sergeant, all mail room staff, and "all staff and clerks who represent the U.S. mail and service throughout the institution." (Compl. at 1-2.) Plaintiff alleges ongoing mail theft, mail fraud, and mail tampering during the three years he has been confined at California Medical Facility. He alleges that mail, both incoming and outgoing, is stolen constantly, documents sent to the courts do not reach their destination, he does not receive magazines he has paid for, mail and stamps from his family do not arrive, mail from relatives reaches him with return addresses spelled incorrectly, letters and complaint forms sent

1

to the federal government are never answered, and, in response to inquiries concerning lack of response, he is sent copies of letters he never received. Plaintiff concludes that "my entire mail service is fraudulent." He requests an investigation of his mail service.

The court's own records reveal that plaintiff filed eight cases in this court prior to the filing of this action. After this action was filed on August 2, 2005, plaintiff filed another action on August 9, 2005, and two more on August 10, 2005. The undersigned has examined the complaints and amended complaints filed in these twelve cases[1] and finds that plaintiff has alleged mail theft, mail fraud, and mail tampering in several of his cases.

In his oldest case in this court, Hart v. California Medical Facility, case No. CIV S-04-1424 MCE DAD P, filed July 20, 2004, plaintiff's original complaint included vague and conclusory claims against unnamed "Mailroom Representatives." (Order filed in case No. CIV S-04-1424 MCE DAD P on July 1, 2005, at 3.) In his amended complaint filed July 14, 2005, plaintiff names "Mail-Room" as one of the numerous defendants and includes the following allegations: he is missing "around 200" responses to inquiries he has mailed, his mail is tampered with regularly, return addresses on his mail are spelled wrong, his magazine subscriptions do not arrive regularly, he does not receive his legal mail, and he mails federal complaint forms that are never received by offices in Washington, D.C. (Am. Compl. filed in case No. CIV S-04-1424 MCE DAD P on July 14, 2005, at page numbered 7 and attached Statement of Claim at 4.)

In his amended complaint in Hart v. Schwartz, case No. CIV S-05-0777 LKK PAN P, plaintiff alleges mail fraud. In Hart v. ISU, case No. CIV S-05-0983 FCD GGH P, plaintiff alleges that his confidential legal mail is "violated." In Hart v. Schwartz, case No. CIV S-05-1528 LKK DAD P, plaintiff alleges mail fraud and lack of response to complaints sent to federal agencies. In Hart v. California Medical Facility, case No. CIV S-05-1523 LKK KJM P,

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

an action opened on July 29, 2005, plaintiff submitted a complaint dated July 22, 2005, that is virtually identical to the complaint filed in this action on August 2, 2005.

Due to the duplicative nature of the present action, the undersigned will recommend that the complaint be dismissed. See Fed. R. Civ. P. 41(b). Plaintiff is cautioned that a litigant who abuses the judicial process by filing duplicative actions or duplicative claims may be declared vexatious, and appropriate limits may be imposed.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice as duplicative of previously filed cases that are still pending.

These findings and recommendations will be submitted to the district judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the district judge's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 15, 2005.

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
hart1543.23